**Robert H. POLK, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 12615.**

United States Court of Appeals
Sixth Circuit.

Feb. 3, 1956.

Robert H. Polk, Nashville, Tenn., pro se.

Fred Elledge, Jr., Andrew M. Gant, Jr., Nashville, Tenn., for appellee.

Before ALLEN, McALLISTER, and STEWART, Circuit Judges.

PER CURIAM.

Appellant was convicted in the district court, in 1948, of violation of a statute prohibiting an attorney from receiving any fee for services rendered in securing allowances to the dependent of a serviceman. 38 U.S.C.A. § 551. He had charged and received, as fees, $20 in each of three instances, and $116.67 in another

---

1. 26 U.S.C.A. § 3471.

instance. As a condition of receiving a lighter sentence than otherwise would have been imposed, appellant, in 1948, surrendered his license to practice law in the United States District Court for the Middle District of Tennessee, and has never been allowed to practice in that court since. As appeared from his uncontradicted allegations, appellant, however, is a member in good standing of the courts of the State of Tennessee.

Upon petition of the district attorney setting forth that appellant was accepting employment to practice in the Bankruptcy Court in the Middle District for Tennessee and actually practicing law therein, an order was issued by the district court requiring appellant to show cause why he should not be held in contempt for practicing in the court in which his license had theretofore been surrendered. Proofs were taken in which it appeared that appellant had counseled three of his clients, on different occasions, advising them to take advantage of the bankruptcy laws. The schedules in such proceedings were prepared by a secretary who did legal stenographic work for appellant and another attorney. The petitions always were signed by the other attorney; and the fees paid for such services always were turned over to him. Appellant never appeared of record for any of such petitioners, nor received any payment for any services rendered in connection with such bankruptcy matters. Incidents relating to appellant's accompanying a petitioner to the bankruptcy court and statements made therein, when he admittedly was not the attorney of record for the party appearing and was receiving no fee for any services, did not constitute the practice of law and did not partake of conduct in contempt of the district court.

Upon a review of the transcript of the testimony on the hearing and motion for a new trial, and a review of the arguments of the parties in open court and their briefs on appeal, it is our view that the activities of appellant, which were complained of by the district attorney, did not constitute the practice of law before the District Court for the Middle District of Tennessee or before its bankruptcy court, and that appellant, therefore, was not guilty of contempt, as alleged in the petition of the district attorney.

In accordance with the foregoing, the order of the district court adjudging appellant guilty of contempt is set aside.